**United States District Court**
**District of Massachusetts**

GENZYME CORPORATION,

      Plaintiff,

      v.

RMJM HILLIER WORLDWIDE, INC.
(a/k/a RMJM, Inc. and RMJM
Hillier Group, Inc.)

      Defendant.

Civil Action No.:  1:12-cv-10752

**GENZYME CORPORATION'S**
**PETITION TO ENFORCE**
**ARBITRATION AWARD**

## PETITION TO ENFORCE ARBITRATION AWARD

Plaintiff Genzyme Corporation ("Plaintiff" or "Genzyme"), by and through its attorneys, Edwards Wildman Palmer LLP, hereby petitions for an Order confirming an arbitration award and authorizing Genzyme to take discovery concerning the assets of defendant RMJM Hillier Worldwide, Inc. (a/k/a RMJM Inc. and RMJM Hillier Group, Inc.) ("RMJM").

In support of this Petition, Genzyme states as follows:

### I.      PARTIES

1.      Genzyme is a Massachusetts corporation with a principal place of business located at 500 Kendall Street, Cambridge, Massachusetts, 02142.

2.      RMJM is, upon information a belief, a New Jersey corporation with a principal place of business located at 275 Seventh Avenue, New York, New York, 10001.

### II.      JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and the Federal Arbitration Act, 9 U.S.C. § 9.  Additionally, RMJM has consented to the jurisdiction of this Court.

4.       Venue is appropriate in this District pursuant to 9 U.S.C. § 9, as the underlying arbitration award was made in Massachusetts.  Additionally, RMJM has consented to venue in this District.

5.       This Court has personal jurisdiction over RMJM because RMJM arbitrated this dispute in Massachusetts, the arbitration award was issued in Massachusetts, and RMJM consented to the jurisdiction of this Court.

### III.       FACTUAL BACKGROUND

*__The Letter Agreement between RMJM and Genzyme__*

6.       On February 29, 2008, Genzyme and RMJM, an architectural firm, entered into a letter agreement relating to the provision of front-end design and construction planning services to be provided by RMJM to Genzyme (Beijing) Bio-Technology Co., Ltd. ("Genzyme China") for the proposed construction of a facility by Genzyme China in the People's Republic of China (the "Letter Agreement").  A copy of the Letter Agreement is attached as Exhibit 1.

7.       At the time the Letter Agreement was signed by Genzyme and RMJM, the ability of Genzyme China to enter into contracts and to pay for services to be rendered by RMJM to Genzyme China was restricted.

8.       In order to provide RMJM with financial security for performance of services for Genzyme China prior to RMJM entering into an agreement with Genzyme China, Genzyme agreed to provide provisional payments to RMJM in accordance with the terms of the Letter Agreement.

9.       Genzyme paid RMJM $1,918,615.17 (the "Security Amount") pursuant to paragraph 4 of the Letter Agreement as financial security for future payments to be made to RMJM by Genzyme China.

10. RMJM agreed to hold the Security Amount in trust until such time as Genzyme China paid RMJM in full for services provided by RMJM.

11. Genzyme China subsequently paid RMJM $1,919,324.70 as full payment for all services provided to Genzyme China by RMJM and RMJM became obligated to repay the Security Amount to Genzyme.

12. As of May 2011, RMJM had failed to repay any portion of the Security Amount to Genzyme.

***The Arbitration Clause***

13. Paragraph 13 of the Letter Agreement states, in part: "Any dispute arising out of or in connection with this Letter of Intent shall be resolved through amicable consultation. If such dispute remains unresolved 30 days after the commencement of notice by one party to the other of commencement of such consultation, such dispute shall be referred to the American Arbitration Association for arbitration (with a single arbitrator or panel to be selected by the mutual agreement of the parties) in accordance with its rules then in effect for large complex matters. The arbitration award is final and legally binding upon both [RMJM] and [Genzyme]. The arbitration shall be conducted in English in Boston, Massachusetts."

***The Arbitration Proceeding and the Settlement Agreement***

14. Because of RMJM's failure to repay any portion of the Security Amount to Genzyme and in accordance with the Letter Agreement, Genzyme submitted a Demand for Arbitration to the American Arbitration Association on May 17, 2011 and a proceeding was commenced before the AAA's International Centre for Dispute Resolution (the "AAA Proceeding"). A copy of Genzyme's Demand for Arbitration is attached as Exhibit 2.

15.     The parties jointly agreed upon Nancy Watters ("Arbitrator Watters") as the arbitrator.  On October 17, 2011, Arbitrator Watters was appointed as the arbitrator by the AAA.

16.     Subsequent to the commencement of the AAA Proceeding, on October 13, 2011, RMJM and Genzyme entered into a Settlement Agreement in which RMJM acknowledged that it owed $2,015,359.78 to Genzyme (the "Original Total Amount Owed").  A copy of the Settlement Agreement is attached as Exhibit 3.

17.     The Settlement Agreement also provides, among other things, that:

(a)     In lieu of making immediate payment of the Original Total Amount Owed, the parties agreed that RMJM would make ten installment payments of $200,000.00 each to Genzyme.  The first payment was to be made on October 14, 2011 in connection with the execution of the Settlement Agreement.  Thereafter, nine monthly payments were to be made by RMJM no later than the fifth business day of each month between November 2011 and July 2012.

(b)     RMJM agreed that after the execution of the Settlement Agreement, it would notify Arbitrator Watters that it had no viable defenses, that it owed Genzyme the Original Total Amount Owed, and that Arbitrator Watters should issue a judgment in Genzyme's favor in the amount of the Original Total Amount Owed.

(c)     Genzyme agreed to hold Arbitrator Watters' judgment in escrow until such time as RMJM made all of the monthly payments called for in the Settlement Agreement, at which point Genzyme would grant a release to RMJM.

(d)     The parties agreed that upon the occurrence of RMJM's third late payment, RMJM would be in default of the Settlement Agreement and the Original Total Amount Owed (less any payments made prior to the default) would become immediately due and payable to Genzyme.

(e)     The parties agreed that, in the event of default by RMJM, Genzyme would be automatically released from its obligation to hold the judgment in escrow and could immediately take whatever action is required to enforce the judgment.

(f)     RMJM consented to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of any dispute arising out of the Settlement Agreement, including but not limited to any action to enforce the arbitration award following a default by RMJM.

18.     On January 27, 2012, a Consent Award of Arbitrator (the "Consent Award") was issued by Arbitrator Watters.  A copy of the Consent Award is attached as Exhibit 4.

19.     Among other things, the Consent Award states that (a) RMJM acknowledged to Arbitrator Watters that it had no viable defenses to Genzyme's Demand for Arbitration, (b) the parties had agreed that a judgment should be issued in favor of Genzyme in the amount of $1,416,859.78, which constituted the Original Total Amount Owed plus arbitration-related fees in the amount of $1,500.00 less $600,000.00 in payments that had been made by RMJM after the execution of the Settlement Agreement, (c) a Judgment is entered in favor of Genzyme and against RMJM in the amount of $1,416,859.78, and (d) the Settlement Agreement is incorporated and made part of the Consent Award.

### *RMJM's Default*

20.     Following the execution of the Settlement Agreement, RMJM made only three of the installments required by the Settlement Agreement.  Specifically, RMJM made payments of $200,000.00 in October, November and December 2011.

21.     None of the payments made by RMJM were made by their due date, as provided in the Settlement Agreement, and were thus not timely made.

22.     Additionally, despite various demands made by Genzyme to RMJM and various assurances made by RMJM that further installment payments would be made, RMJM has failed to make any payments since December 2011.

23.     Accordingly, RMJM is in default of the Settlement Agreement and Genzyme is permitted to take action, including filing this Petition, to enforce the Consent Award.

### IV.    CAUSE OF ACTION

Confirmation and Enforcement of Arbitration Award

24.    Arbitrator Watters' January 27, 2012 Consent Award is subject to summary

confirmation and enforcement under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*

### V.    PRAYER FOR RELIEF

WHEREFORE, Genzyme respectfully requests this Court:

(1) Enter a judgment confirming Arbitrator Watters' Consent Award of $1,416,859.78 in

full; and

(2) Consistent with the terms of the Settlement Agreement, award Genzyme attorneys

fees and costs incurred from January 27, 2012 in connection with the enforcement of the Consent

Award;

(3) Award Genzyme any and all other relief as the Court deems just and proper; and

(4) Enter an Order authorizing Genzyme to conduct discovery concerning RMJM's

property and other assets that may be used to satisfy the Consent Award and any orders of this

Court.

> Respectfully submitted,
> GENZYME CORPORATION,
> By its attorneys,
>
>
> /s/ Gregory W. Carey
> _____
> John A. Houlihan, Esq. (BBO No. 542038)
> Gregory W. Carey, Esq. (BBO No. 672246)
> EDWARDS WILDMAN PALMER LLP
> 111 Huntington Avenue
> Boston, MA  02199-7613
> Tel:  (617) 239-0100
> Email:  jhoulihan@edwardswildman.com

Dated:  April 27, 2012                                    Email:  gcarey@edwardswildman.com